IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GABRIELLE ROXANNE TINCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:08cv574-CSC |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

**I. Introduction**

The plaintiff, Gabrielle Roxanne Tinch ("Tinch"), applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 *et seq*., and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq*., alleging that she was unable to work because of a disability. Her application was denied at the initial administrative level. Tinch then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The Appeals Council's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

case is now before the court for review pursuant to 42 U.S.C. § 405(g) and § 1631(c)(3). Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to entry of final judgment by the United States Magistrate Judge. Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be affirmed.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. . . .

To make this determination,[2] the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. § 404.1520, §416.920.

> (1)  Is the person presently unemployed?
> (2)  Is the person's impairment severe?
> (3)  Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4)  Is the person unable to perform his or her former occupation?
> (5)  Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. Administrative Proceedings

Tinch was 27 years old at the time of the hearing before the ALJ. (R. 155, 432.) She completed eleventh grade and has a graduate equivalency diploma. (R. 111, 114.) Tinch's prior work experience includes working as an assistant secretary, cashier, preschool teacher,

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker,* 651 F.2d 408 (5th Cir. 1981) (Unit A).

and telemarketer. (R. 91, 99-102, 107, 125.) Tinch alleges that she became disabled due to systemic lupus erythematosus, fibromyalgia, severe depression, anxiety, high blood pressure, back pain, sciatica, migraine headaches, attention deficit disorder, (R. 115, 439-40, 442, 444, 449-50, 456.) Following the administrative hearing, the ALJ concluded that Tinch has severe impairments of systemic lupus erythematosus and depression. (R. 19.) The ALJ determined that Tinch is able to return to her prior work as a cashier.[4] (R. 23.) Accordingly, the ALJ concluded that Tinch is not disabled. (R. 24.)

## IV. The Issues

In her brief, Tinch raises the following claims:

(1) Whether the ALJ erred by making an incorrect determination of plaintiff's RFC, both in finding that the plaintiff has a residual functional capacity to perform a minimally reduced range of light work, and by failing to order consultative examinations and/or obtain medical source statements because the whole of the evidence was not sufficient to support the ALJ's decision, including the ALJ's assessment of plaintiff's RFC.

(2) Whether the ALJ erred by failing to fully develop and explain his decision that the plaintiff retained the ability to perform past relevant work as required by SSR 82-62.

(Doc. No. 11, p. 1.)

---

[4] The record indicates that Tinch engaged in substantial gainful employment as a cashier over a five year period. (R. 125.)

## V.  Discussion

### A.  The Residual Functional Capacity Assessment

Tinch asserts that the ALJ failed to fully develop the record with respect to her ability to perform light work.  Specifically, Tinch argues that the ALJ should have ordered consultative examinations or sought medical source statements from a treating or examining physician before concluding that she has the residual functional capacity to perform light work.  "Even though Social Security courts are inquisitorial, not adversarial, in nature, claimants must establish that they are eligible for benefits.  The administrative law judge has a duty to develop the record where appropriate but is not required to order a consultative examination as long as the record contains sufficient evidence for the administrative law judge to make an informed decision." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007) (citing *Doughty v. Apfel*, 245 F.3d 1274, 1281 (11th Cir. 2001)). *See also Holladay v. Bowen*, 848 F.2d 1206, 1209 (11th Cir. 1988).

Tinch's lack of cooperation with the Social Security Administration is detrimental to her assertion that the ALJ failed to order a consultative examination.  The record indicates that a disability specialist ordered two consultative examinations to be conducted on January 3, 2005, and January 5, 2005.  (R. 113.)  Without explanation, Tinch failed to report to either appointment. (*Id.*)  After receiving assurances from Tinch that she would not miss another appointment and that she understood that a failure to report to the exam could result in a denial of benefits, the disability specialist rescheduled an appointment for January 26, 2005.

(*Id.*)  Tinch failed to report to the rescheduled appointment.[5]  (*Id.*)  The failure to appear for a consultative examination may alone be sufficient to support a finding that a plaintiff is not disabled.  *See Lepenica v. Comm'r of Soc. Sec.*, 107 Fed. Appx. 291, 294 n. 1 (3$^d$ Cir. 2004) (noting that a claimant who refuses to cooperate in a consultative examination without good cause may be found by the Commissioner to have no disability, solely on the basis of such refusal); *Callins v. Apfel*, 202 F.3d 281, 2000 WL 6193, *3 (10th Cir. 2000) (Table) (claimant who failed to appear for consultative examination without explanation found not disabled); *Stephens v. Astrue*, No. 6:08cv0400 (GHL), 2009 WL 1813258, *8 (N.D.N.Y. 2009); *Boyd v. Schweiker*, 525 F. Supp. 123 (E.D.N.C. 1981); 20 C.F.R. § 404.1518.[6]  Because three

---

[5] The specialist noted:

> 25 year old female alleges systemic lupus, severe depression, and hypertension. Additional medical was needed to make a decision on this claim.  Two consultative exams were schedule[d] for 1/03 & 1/05/05.  Claimant failed to report to both exam.  Spoke to Ms. Tinch her mother who stated she would assist in getting the claimant to her exams.  Both claimant and her mother agreed that the claimant would keep her appointments once they were rescheduled and both expressed they understood her claim[] could be denied if she fail[ed] to report to the exams.  Phoned the claimant to give her the new dates and times of the rescheduled exams, spoke to her sister Ms. Renea Tinch who took the information over the phone and stated she would assist in getting the claimant to her exams.  Claimant had an exam on 1/26/05; with MDSI.  Phoned MDSI and spoke to Pauline who stated claimant did not keep her appointment [on] 1/26/05.

(R. 113.)

[6] The Regulations provide as follows:

(a) General.  If you are applying for benefits and do not have a good reason for failing or refusing to take part in a consultative examination or test which we arrange for you to get information we need to determine your disability or blindness, we may find that you are not disabled or blind.  If you are already receiving benefits and do not have a good reason for failing or refusing to take part in a consultative examination or test which we arranged for you, we may determine that your disability or blindness has stopped because of your failure or refusal.  Therefore, if you have any reason why you cannot go for the scheduled appointment, you should tell us about this as soon as possible before the examination date.

consultative exams were ordered and Tinch missed each appointment without explanation, Tinch's claim that the ALJ failed to develop the record by ordering a consultative examination is unavailing.

To the extent Tinch believes additional evidence, such as a treating source opinion, could have affected the ALJ's residual functional capacity determination, she has failed in her obligation to obtain such evidence in order to establish her entitlement to benefits. *See Gully v. Astrue*, No. 1:08cv245-WC, 2009 WL 1580416, *5 (M.D. Ala. 2009). *See also Lucas v. Sullivan*, 918 F.2d 1567, 1571 (11th Cir. 1990) (the claimant bears the burden of establishing the existence of a disability). Moreover, nothing in the medical records indicates that any treating physician assessed that Tinch should not perform work. The medical evidence does indicate, however, that on one occasion a treating physician assessed that Tinch should return to work. (R. 425.) This court therefore cannot conclude that Tinch is entitled to relief with respect to her claim that the ALJ failed to request additional evidence.

### B.  Past Relevant Work

Tinch relies on Social Security Ruling ("SSR") 82-62 to assert that the ALJ failed to consider the physical and mental demands of a cashier before concluding that she could

---

If you have a good reason, we will schedule another examination. We will consider your physical, mental, educational, and linguistic limitations (including any lack of facility with the English language) when determining if you have a good reason for failing to attend a consultative examination.

20 C.F.R. § 404.1518.

return to her past relevant work.

While SSR 82-62 requires in cases involving a mental or physical impairment that care "be taken to obtain a precise description of the particular job duties" at issue, the ruling only requires that sufficient documentation be obtained "to permit a decision as to the individual's ability to return to such past work."  Although Tinch relies on SSR 82-62 to assert that the ALJ erred in failing to provide detailed analysis with respect to his finding that she is able to return to her past relevant work as a cashier, she points to nothing in the record indicating which requirements of her past relevant work she is unable to perform.

While the Eleventh Circuit has not addressed this issue, the Tenth Circuit has held that the ALJ errs when he fails to make the requisite findings of fact at Step 4 of the sequential analysis pursuant to SSR 82-62.  *See Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *McIntire v. Apfel*, 134 F.3d 383 (10th Cir. 1998).[7]  The court declines to adopt the Tenth Circuit's reasoning because the plaintiff's burden of proof in the Tenth Circuit differs significantly from this Circuit.  In this circuit, the law is clearly established that it is the plaintiff's responsibility to demonstrate an inability to return to her past relevant work.  *Lucas v. Sullivan*, *supra*.

The court concludes that the ALJ made the requisite findings of fact in this case by comparing Tinch's residual functional capacity with the Dictionary of Occupational Titles' description of the physical demands of a cashier as light, unskilled work.  *See* SSR 82-61.

---

[7] These cases are not binding precedent on any Circuit other than the Tenth Circuit.

The ALJ's decision indicates that the ALJ considered all of the objective medical evidence when determining that Tinch has the residual functional capacity to return to her past relevant work as a cashier.[8]   Consequently, Tinch is entitled to no relief on this claim.

For the foregoing reasons, the decision of the Commissioner is due to be affirmed. A separate final judgment will be entered.

Done this 19th day of October, 2009.

                                        /s/Charles S. Coody
                                    CHARLES S. COODY
                                    UNITED STATES MAGISTRATE JUDGE

---

[8] Although noteworthy when considering whether Tinch has the residual functional capacity to perform light work, the ALJ did not discuss that, on November 4, 2003, the plaintiff went to Medical Outreach Ministries reporting that she was uncertain whether her soreness was due to a flare-up from lupus or from "riding a mechanical bull." (R. 248.)